No. 23-80074

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ZUFFA, LLC,
D/B/A ULTIMATE FIGHTING CHAMPIONSHIP AND UFC,

*Defendant-Petitioner*,

v.

CUNG LE, ET AL.,

*Plaintiffs-Respondents*.

On Petition for Permission to Appeal from the United States District
Court for the District of Nevada (No. 15-cv-1045)
The Hon. Richard F. Boulware, J.

**RESPONDENTS' RESPONSE OPPOSING PETITIONER'S MOTION
FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF
ITS RULE 23(f) PETITION AND REQUEST, IN THE
ALTERNATIVE, TO FILE A SUR-REPLY BRIEF**

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*,
  507 U.S. 163 (1993) ................................................................................ 2

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506 (2002) ................................................................................ 2

## Rules

Federal Rule of Appellate Procedure 5 .................................................... 1, 2
Federal Rule of Appellate Procedure 5(b) .................................................. 1
Federal Rule of Civil Procedure 23(f) ..................................................... 1, 2
Federal Rule of Appellate Procedure 27 ..................................................... 1
Federal Rule of Appellate Procedure 27(2)(a) ........................................... 1
Federal Rules of Appellate Procedure 32(a)(5) and (6) ............................. 5
Federal Rule of Appellate Procedure 32(f) ................................................ 5

Petitioner Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC ("Zuffa"), presents no meaningful argument in favor of its motion for leave to file a reply brief in support of its Petition for Permission to Appeal under Federal Rule of Civil Procedure ("FRCP") 23(f). Instead, it seeks to abrogate the plain language of FRCP 23(f) and Federal Rule of Appellate Procedure ("FRAP") 5.

FRAP 5 governs FRCP 23(f). FRAP 5 does not authorize a reply brief, only a petition and an answer. Fed. R. App. Proc. 5(b). Zuffa concedes this point implicitly by filing a motion for leave to file a reply brief under FRAP 27.

FRAP 27(2)(a) provides that a moving party "must state with particularity the grounds for the motion. . . and the legal argument necessary to support it." Zuffa's motion does neither. It simply restates in conclusory fashion why it believes its petition is important—the same points it made in the petition itself. And it notes that a reply brief would afford it an opportunity to respond to the legal and factual assertions in respondents' response and help this Court in ruling.

Those points apply to every petition under FRCP 23(f). Every petitioner believes its petition is important. Every petitioner argues that its petition should be granted. Every reply brief would afford the petitioner an opportunity to respond to respondents' answer. Every petitioner believes that filing a reply brief would help the Court decide its petition. In other words, Zuffa identifies nothing unusual to

1

justify its proposed reply brief. It seeks instead to rewrite FRCP 23(f) and FRAP 5 to allow reply briefs in every case.

That it should not be permitted to do. The Supreme Court has held that it cannot change federal procedural rules unilaterally and that it must instead follow a prescribed process. *See, e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). It follows that Zuffa lacks that power as well.

This Court should deny Zuffa's motion for leave to file a reply brief. In the alternative, respondents seek leave to file the attached sur-reply, so that respondents have the last word, as FRCP 23(f) and FRAP 5 provide. That is particularly important here given that Zuffa's proposed reply brief makes: (a) arguments that Zuffa could have made in its petition but decided not to present for strategic reasons; and (b) factual claims that contradict the voluminous record.

September 22, 2023

By: */s/ Joshua P. Davis*
Joshua P. Davis
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: +1 (415) 906-0684
Email: jdavis@bm.net

2

Eric L. Cramer
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bm.net

Richard A. Koffman
Benjamin Brown
COHEN MILSTEIN SELLERS
 & TOLL, PLLC
1100 New York Ave., N.W., Suite 500
East, Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600
Facsimile: +1 (202) 408-4699
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com

Joseph R. Saveri (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California St., Suite 1000
San Francisco, CA 94108
Telephone: +1 (415) 500-6800
Facsimile: +1 (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com

Jerome K. Elwell (*pro hac vice*)
WARNER ANGLE HALLAM
JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: +1 (602) 264-7101
Facsimile: +1 (602) 234-0419
Email: rmaysey@warnerangle.com
Email: jelwell@warnerangle.com

*Attorneys for Respondents-Plaintiffs and the Certified Class*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FORM 8. CERTIFICATE OF COMPLIANCE

**9th Cir. Case Number(s)** 23-80074

I am the attorney or self-represented party.

**Ninth Circuit Case Number:** 23-80074

**This motion contains 411 words,** excluding the items exempted by Fed. R. App. P. 32(f), in compliance with Civ. R. 5. The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6) because this briefs has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 and is 14-point font, Times New Roman.

I certify that this brief complies with the word limit of Cir. R. 32-1.

**Dated:** September 22, 2023   */s/ Joshua P. Davis*
Joshua P. Davis
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: +1 (415) 906-0684
Email: jdavis@bm.net